In the Matter of ABRAHAM ZIPKIN, an Attorney, Respondent.

First Department, November 27, 1936.

*Einar Chrystie*, for the petitioner.

*Aaron Lipper*, for the respondent.

PER CURIAM. The referee has found the respondent guilty of concealing from a client the collection of two claims and converting to his own use the proceeds thereof amounting to $331. The findings are sustained by the facts.

Philip Simkowitz, as president of Wallace Estates, Inc., in 1932, retained the respondent to collect rent due that corporation from one Harry Schwartz. Judgment was recovered against Mr. Schwartz on July 11, 1932, which, together with an additional claim, were settled by stipulation dated March 20, 1933. Pursuant thereto the sum of $200 was paid to the respondent in three installments, the last on June 24, 1933. Mr. Simkowitz testified that he was not informed about the settlement and did not learn of the payments until early in 1934, when he received such information from a brother of Mr. Schwartz. He testified that on the same evening he told the respondent of his discovery and that the latter promised to give him the money in a few days.

The respondent conceded that he had used the entire amount collected. He testified, however, that Mr. Simkowitz had granted him permission so to do, upon respondent's representation that he was in need of money. He further claimed that the amount of the collection, less his fee of $100, was included in a note for $725 due December 1, 1933, given by him to his client on July 26, 1933. Mr. Simkowitz denied that he gave the respondent permission to use the money collected and also testified that when the note for $725 was given he did not know of the collection of the money by the respondent from Mr. Schwartz.

The evidence disproves the respondent's contentions. At the time he claims he was given permission to use the moneys collected from Mr. Schwartz he owed the Wallace Estates, Inc., more than $700. At that time the corporation was urgently in need of money and had given an assignment of rents to its mortgagee. Under such circumstances it is most unlikely that Mr. Simkowitz would have authorized the respondent to withhold any money collected. Moreover, subsequent to the giving of the note the respondent, upon being pressed for payment of the Schwartz collection, sent Mr. Simkowitz a check for $100 indorsed " Re Wallace Estates, Inc. vs. Harry Schwartz." That check was inclosed in a letter similarly entitled, stating: " I enclose herewith check for $100 pursuant to settlement of $200 in the above entitled action." Payment of the check was refused by the bank upon which it was drawn for lack of funds in the respondent's account.

The foregoing and other testimony clearly establishes the charge and supports the finding by the referee that the defense relied upon is a fabrication.

With respect to the second charge, it appears that on June 17, 1932, Wallace Estates, Inc., recovered a judgment against one Lew Feldherr, an attorney, for some $160. The respondent was retained to collect it. On July 10, 1934, the judgment was settled by payment to respondent of $131 in cash. Mr. Simkowitz testified that he first learned of the settlement at a chance meeting with Mr. Feldherr in February, 1935. Mr. Feldherr was thereupon retained by Mr. Simkowitz to collect the money from the respondent. Upon hearing before the referee Mr. Feldherr testified that the only reason given him by the respondent for his failure to account for the collection was that he was financially unable to do so.

The respondent denied that he had concealed the fact of the collection. He testified that he had tendered to Mr. Simkowitz $62.50, representing fifty per cent of the collection, and asked him to sign a general release and satisfaction piece, which he declined to do, and refused to accept the $62.50, claiming the amount retained by the respondent should be applied against his indebtedness represented by the aforesaid note for $750.

This charge rests upon the issue of whether there were such a tender and refusal, since the respondent had the legal right to retain fifty per cent of this collection, irrespective of his indebtedness upon the note.

It appears that a criminal charge of conversion of this item was made against the respondent, upon which the grand jury refused to return an indictment. It also appears that the respondent tendered the sum of $131 to Mr. Feldherr in the Magistrate's Court, but that it was rejected because of an outstanding third party order in supplementary proceedings against the Wallace Estates, Inc. He testified that following the alleged dispute when he tendered the sum of $62.50 to Mr. Simkowitz, he had placed that amount in his father's safe, and later accumulated the difference, and that subsequent to the tender in court the sum of $131 had been held intact in the safe, where it remained at the time of the hearing. The respondent, however, did not produce the money at the hearing, nor did he call his father as a witness.

An issue of veracity was presented with respect to the second charge. On the one hand we have the testimony of the respondent and on the other that of Messrs. Simkowitz and Feldherr. There is no basis for rejecting the finding of the referee that the respondent was guilty of this charge.

The respondent should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

Present — MARTIN, P. J., McAVOY, O'MALLEY, TOWNLEY and DORE, JJ.

Respondent suspended for one year.